JULIUS A. ASKEW, plaintiff in error, *vs.* GEORGE M. NOLAN, adm'r *et al.*, defendants in error.

J. F. conveyed five slaves to certain persons to be held "in trust for, and for the use, support, benefit, maintainance and enjoyment of his daughter V. B. A., and her children, but should his daughter die, leaving no child or children; or, having child or children, if it or they die in minority, the trust was to cease and the conveyance to become null and void.   The daughter, V. B. A., had a daughter, who intermarried with G. M. N., who had a child and died in the life time of her mother, V. B. A., but did not die in minority.   V. B. A. subsequently died, leaving a husband, who is sued for the slaves and their increase.

*Held,* That inasmuch as V. B. A. had a child who did not die in minority, the property became absolute in that child and her mother on its attaining the age of twenty-one years.   *Held, also,* That the marital rights of their respective husbands attached to their respective interests in the property.

In Equity, from Morgan Superior Court.   Decision on demurrer, by Judge HARDEMAN, September Term, 1857.

This bill was filed by George M. Nolan, administrator of Sarah Nolan, deceased, and Julius E. M. Nolan, by his next friend, against Julius A. Askew, for the purpose of recovering

certain slaves and their increase, and hire, that were conveyed by John Floyd in his lifetime, to Julius C. Alford and Thaddeus R. Reese, in trust for his daughter, Virginia B. Askew, wife of defendant, and her children. Which deed is in the following words, to-wit:

GEORGIA, } Know all men by these presents, that MORGAN COUNTY. } I, John Floyd, of the county and State aforesaid, for and in consideration of the natural love and affection that I bear to my daughter, Virginia B. Askew, formerly Virginia B. Floyd, and for and in consideration of the confidence that I repose in Julius C. Alford and Thaddeus B. Reese, as well as for and in consideration of the sum of five dollars, to me in hand paid, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, doth by these presents, give, grant and convey unto the said Julius C. Alford and Thaddeus B. Reese, five certain negroes, to-wit: Peter, a black man about twenty-six years old, Rhody, a woman about twenty-two years old, Washington, a boy about four years old, Jackson, a boy about two years old, and Venus, a child about one month old, and three feather beds and furniture, household and kitchen furniture, and three cows and calves.

To have and to hold the above named negroes and their increase, and the above described property, in trust for, and for the use, support, maintenance and enjoyment of my said daughter, Virginia B. Askew, and her children, lawful heirs of her body.

But I, the said John Floyd, do hereby fully and unequivocally reserve to myself the right and power to annul and set aside the foregoing provisions of this instrument, at any time. But if I, the said John Floyd, should die without doing the same, and after my decease should my said daughter, Virginia B. Askew, die, leaving no child or children, or having child or children, if it or they die in minority, then this trust to cease, and this conveyance to become null and void, to all intents and purposes, and the negroes hereinbefore

named, together with all their increase, to be equally divided among my surviving children.

In witness whereof, I have hereunto set my hand and fixed my seal, this 14th day of January, 1835.

JOHN FLOYD, [L. S.]

Signed, sealed and delivered in presence of Thomas Darrough, William Lambert, A. B. Wood, J. P.

Subsequent to the execution of said deed, and on the 2d day of October, 1836, said John Floyd made his last will and testament, and on the 7th day of July, 1838, made a codicil to said will; and in the first item of said will he refers to said deed in the following words:   " In addition to the property I have heretofore conveyed to Julius C. Alford and Thaddeus B. Reese, in trust for the use and benefit of my said daughter, Virginia B. Askew, I give the tract of land whereon my said daughter and her husband, Julius A. Askew now reside.

In the codicil to said will, the testator refers to said deed in the following words:   " It is my will that the property which I have conveyed in said will to Julius C. Alford and Thaddeus B. Reese, in trust for my daughter, Virginia B. Askew, be held in trust by my sons, Stewart and John J. Floyd, instead of the trustees therein named.   And I hereby convey said property, heretofore conveyed in trust to said Alford and Reese, to my said sons for the purposes specified in said will, and as set forth in a deed of trust heretofore made to said Alford and Reese."

The bill is also filed for the purpose of recovering other property besides that conveyed in the deed, but as the demurrer only extends to such parts of the bill as seek discovery and relief, in relation to the negroes conveyed by the deed, no question arising upon the will is now before the Court.

The bill states that at the time of the execution of the deed,

Virginia B. Askew had one child, Sarah A. Askew, and that she never had any other child.   That Sarah A. Askew afterwards intermarried with the complainant, George M. Nolan, and afterwards died in the year 1852, leaving her mother, the said Virginia B. Askew, surviving her, and also leaving the infant, Julius E. M. Nolan, her only child, surviving.

That the said Sarah A. Nolan, formerly Sarah A. Askew, arrived at the age of twenty one years, previous to her death. That the plaintiff, Julius A. Askew, who is the father of the said Sarah A. Askew, and grand-father of the infant, defendant, Julius E. M. Nolan, is in possession of said negroes conveyed by said deed, and their increase.   That the defendant, Julius A. Askew, was appointed trustee in place of said Stewart and John Floyd, during the lifetime of said Virginia B. and said Sarah A., and that he held said negroes and their increase, as said trustee.

That after the death of the said Sarah A., her mother, the said Virginia B. Askew, departed this life in the year 1853, leaving her husband, the defendant, her survivor.

The bill further alleges that the negroes belong to one or the other of the complainants, and prays that the decree be to deliver them to the one entitled.

There are other statements in the bill, but it is believed that they are not material to a clear understanding and correct determination of the case.

To such facts of the bill as seek discovery and relief in relation to the recovery of the negroes and their increase, the defendant filed a general demurrer.

The Court below overruled the demurrer, and defendant excepts to said decision and alleges for error:

1st. That the Court erred in deciding that no estate in said slaves vested in Virginia B. Askew, as survivor of said Sarah A.

2d. That the Court erred in deciding that no estate vested in defendant by virtue of his marital rights, upon the death of his wife, the said Virginia B.

3d. That the Court erred in deciding that upon the death of said Virginia B. Askew, the whole of said property vested in the complainant, Julius E. M. Nolan.

Judge Hardeman, in certifying the bill of exceptions, states that the third ground of exception does not correctly recite his decision. That the judgment rendered by him was a general judgment overruling the demurrer, and did not determine or adjudicate anything as to the right of complainants, the father and son, in and to the property, although he did intimate an opinion that the whole belonged to the said Julius E. M. Nolan.

J. HILL and F. H. CONE, for plaintiff in error.

AUGUSTUS REESE, for defendants in error.

*By the Court*—McDONALD, J. delivering the opinion.

In addition to the foregoing statement, that the judgment of this Court may be better understood, it is proper to say, that, by the fourth clause of his will, the testator directed the balance of his property, both real and personal, not given off in special bequests, to be sold, and five thousand dollars of the sum arising from the sale, to be loaned at interest, and the interest to be appropriated to the support of his wife during her life, and at her death the said sum be directed to be divided amongst his children, in the manner prescribed in the will. The share intended for his daughter, Virginia B. Askew, he gave in trust, for her use and benefit, to Julius C. Alford and Thad. B. Reese.

The excess of the money over the $5000, arising from the sale of his property, as above directed, he willed to be equally divided among his children, the shares of Virginia B. Askew, &c., &c., he desired should be paid in to the trustees thereinbefore appointed for them, and in the event of all or

either of them dying without child or grand-child, to all re-
turn as the property thereinbefore given, and to be equally
divided among his surviving children, but if they leave issue,
then to remain in trust for them, as the property thereinbe-
fore given.

Virginia B. Askew had an only daughter, Sarah, who in-
termarried with George M. Nolan. She was her only child.
She had one child, Julius E. M. Nolan, the complainant,
and after having attained the age of twenty-one years she
died in the lifetime of her mother, Virginia B. Askew. The
slaves and their increase were conveyed in the deed of the
14th of January, 1835. The only reference to that deed in
the will of the testator, is to be found in the codicil. By the
codicil, the testator exercises the power reserved by him in
the deed, so far as to substitute other trustees for those there-
in named. It was competent for him to reserve this power.
*Shep. Tench. 524.* By the codicil he conveys in trust to his
sons, the property theretofore conveyed in trust to Julius C.
Alford and T. B. Reese, for the purposes specified in said will,
and as set forth in a deed of trust theretofore made to said
Alford and Reese. The trusts declared by the deed and by
the will are different. The trust in the deed which conveys
the negroes, is for, and for the use, support, benefit, mainte-
nance and enjoyment of his daughter and her children. If
his daughter should die, leaving no child or children, or hav-
ing a child or children, if it should die in minority, the trust
was to cease; and in that event the property was given over.
By the trust in the will the property or money was given
over if she died without a child or grand-child. The pro-
perty conveyed by the deed is to be held by the trustees for
the purposes as set forth in the deed, and the money con-
veyed in the will is to be held for the purposes specified in
the will. According to the deed, the trust thereby created,
was not to cease, unless his daughter, Mrs. Askew, died, leav-
ing no child, or having had a child, that child had died in its
minority. She had a child, whom she survived, but that

child did not die in minority.    She attained the age of twenty-one years.    The estate passed by the deed, therefore, did not cease.    It became complete and absolute in the daughter and her only child, on that child's attaining the age of twenty-one years.    At that time they were both, mother and daughter, covert, and the marital rights of their husbands respectively attached to their respective interests conveyed in the deed.

We think that the Court below was right in overruling the demurrer, and that the bill should be retained for the purpose of enforcing the rights of Nolan, as administrator of his deceased wife, to her interest in the slaves and their increase conveyed in the deed.

The counsel for plaintiff in error abandoned the first ground in his assignment of errors.

Judgment affirmed.